THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee,
    *v.* PABLO SOTO RIVERA, Defendant and Appellant.

No. 15383.   Argued June 2, 1953.—Decided November 4, 1954.

*César Andréu Ribas* for appellant.   *Juan B. Fernández Badillo,*
    *Acting Attorney General* and *Jaime García Blanco, Special*
    *Fiscal of the Supreme Court,* for appellee.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

The Prosecuting Attorney of the former District Court of Puerto Rico, Bayamón Section, filed an information for a violation of § 8 of Act No. 17 of January 19, 1951 (Sp. Sess. Laws, p. 426) against Pablo Soto Rivera because: "on or about August 18, 1951, in the ward Guaraguao of Bayamón, Puerto Rico, which is a part of the District Court of Puerto Rico, Bayamón Section, Puerto Rico, there and then, said defendant, Pablo Soto Rivera, unlawfully, wilfully, maliciously and with criminal intent, possessed and transported in a Mercury automobile, Coupe Sedan, license plate No. 9372 for the year 1951–52, a loaded Star pistol, 7.05 caliber, nickel plated, brown wooden trim, serial No. 554."

The defendant filed in the Court a "Motion requesting the suppression of evidence obtained by means of an illegal search" alleging "that the policemen obtained said firearm by means of a wrongful arrest and search which they made of defendant and his automobile, or the one which he was occupying while he slept in the car parked on the edge of the highway where the motor and battery of the car had gone dead at the time he was traveling with other persons, with-

out defendant then and there committing any public offense, or disturbing the public peace."

In another case relating to these same incidents *The People of Puerto Rico*, plaintiff-appellee, v. *Pablo Soto Rivera*, defendant-appellant, case No. 15382, for Violation of the Weapons Act of Puerto Rico, decided on this same date, we reached the conclusion that since defendant appellant parked his car at the edge of the highway without lights, the peace officer who proceeded to arrest the defendant did so lawfully, and by so doing he had a right to search the defendant and the automobile where he was sleeping and to seize any deadly weapons which he may have had about his person or inside his automobile; said arrest, search, and seizure not being a violation of the constitutional rights of the defendant.

This case was submitted on the ruling of the other case for wrongful search and seizure, and consequently in harmony with the ruling in criminal case No. 15382, the judgment appealed from will be affirmed.

Mr. Justice Negrón Fernández and Mr. Justice Sifre dissented.